WM. JENNING'S v. JESSE QANTIS' EXOR., &C.

Judicial Sales—Failure to Make Proper Application of Proceeds—Remedy.
    Where the proceeds of a judicial sale are improperly applied, the remedy is to apply to the court for a proper application and not by excepting to the sale.

APPEAL FROM GARRARD CIRCUIT COURT.

December 18, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

On the 12th of July, 1871, when appellant filed his answer, in

which he admitted his indebtedness to G. F. Burdett, he knew he was obligor in the note bearing date March 31st, 1871, which the bank held; that it had four months to run from its date, and was unpaid when the answer was filed and the judgment was rendered for a foreclosure of the mortgage. He should then have stated the facts, and asked the court to have the proceeds of the sale of his land applied to the payment of this debt.

That he failed to do and after the judgment was rendered again renewed the note, if from any facts or circumstances subsequently developed he discovered that Burdett intended to use the proceeds of the sale, and not apply them to the discharge of the debt, his remedy would have been by an amended pleading, and not by excepting to the sale; the purchaser was no party to the controversy, and the remedy of the apprehended injury was not by setting the sale aside, but to have the proceeds properly applied.

Wherefore, the judgment is *affirmed.*

*McKee, Hopper,* for appellant.
*Dunlap,* for appellees.